IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Lisa Styles, | ) | C/A No. 8:19-cv-3451-DCC |
| Plaintiff, | ) | |
| v. | ) | |
| Southeastern Grocers, LLC and Bi-Lo, LLC, | ) | **OPINION AND ORDER** |
| Defendants. | ) | |

This matter comes before the Court upon Plaintiff's Motion to Remand and Request for Expedited Consideration. ECF No. 8.

## I. Procedural and Factual History

On June 8, 2018, Plaintiff filed an action in the Court of Common Pleas for the County of Anderson, South Carolina alleging various state-law causes of action arising out of her employment with Defendants. However, it was not a typical employment case where federal jurisdiction would lie under a variety of federal statutes; instead, the case arose out of Plaintiff's donation of merchandise to Anderson Interfaith Ministries—purportedly with the approval of her store manager—and Defendant's subsequent actions in treating the donation like a theft.[1] As a result of this conduct, Plaintiff named five defendants in the state court action: Southeastern Grocers, LLC, Bi-Lo, LLC, Michael Craig Brickman, Ken Miller, and Ronnie Duncan.[2]

---

[1] Defendants allegedly made Plaintiff purchase a money order in the amount of the retail cost of the donated goods, attempted to have her arrested, and terminated her employment.

[2] The state court Complaint is skeletal; however it appears the three individual defendants were all employees of the corporate defendants.

The case proceeded through state court, and the parties conducted discovery and took depositions. Eventually, the case ended up on the trial docket, and Defendants repeatedly sought continuances to delay the trial. On December 3, 2019, Circuit Judge R. Scott Sprouse held a conference call with the parties where he set a date certain for January 13, 2020.[3] A short time later, an attorney representing Defendants sent Plaintiff's counsel an email, which stated:

> In addition, I understand that the individual defendants in this matter have never been served with process. We are requesting that you dismiss those parties from the case immediately. Please confirm your agreement to dismiss the unserved parties or let us know if we need to file a motion to dismiss addressing the same.

ECF No. 8-3 at 1. Several hours later, Plaintiff's counsel responded that he has dismissed the individual defendants "as long as we remain on track for January 13." *Id.*

At this point, chaos ensued as Defendants filed a Notice of Removal to this Court on December 11, 2019—barely one month before the start of the state court trial. With the Christmas holidays fast approaching, Plaintiff filed an Emergency Motion to Remand and Request for Fees and contacted Chambers to request an expedited ruling. ECF No. 8. The Court shortened the deadlines for all parties, and Defendants filed a Response in Opposition on December 20, 2019. ECF No. 10. Plaintiff filed a short Reply the same day. ECF No. 11. As indicated in its Text Order shortening the deadlines, the Court has immediately turned to the Motion and rules as set forth below.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F. 3d 347, 352 (1998). The right to remove a case to federal

---

[3] As Plaintiff acknowledges, her case may be the backup case for that date certain.

2

court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Moreover, "[a] case may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

## III. Analysis

The question before the Court in this case is simple: Did Plaintiff act in bad faith in order to prevent Defendants from removing this action? The answer is equally simple: No.

Plaintiff has candidly admitted to the Court that his office simply neglected to serve the individual defendants. Plaintiff's counsel has provided an email exchange with his legal assistant on June 8, 2018, wherein his legal assistant asks: "Do you want discovery to go and do you want Beckman, Miller and Duncan served at the store?" ECF No. 8-4 at 1. In response, Plaintiff's counsel wrote, "I'll see if Jackson Lewis will accept service. Yes, we will be serving discovery—they can't remove this." *Id.* Defendants raise two issues with this email exchange. First, Defendants contend that it is incredulous to expect a lawyer that has represented a corporate client in the past to accept service of a Summons and Complaint. That is not the case in the undersigned's experience. Second, Defendants contend that the last clause of Plaintiff's counsel's email means "the individual defendants were added for one reason: to preclude the Defendants from removing

3

this case to federal court." ECF No. 10 at 5–6. Maybe that is the case or maybe it isn't, but if Defendants so fervently believed that the individual defendants were improperly added to defeat federal jurisdiction, they should have filed a Notice of Removal based on the fraudulent joinder doctrine many, many months ago.

Additionally, Plaintiff's counsel submitted a Declaration in which he stated that the failure to serve the individual defendants was due to an oversight and was not intentional. *See* ECF No. 8-2 at 1 ("Throughout the time I was handling the case in state court, I believed that the individuals had been served. This was never raised as an issue, even before Judge Sprouse. I had no idea there was any issue until late in the day on December 3 when opposing counsel emailed me."). Plaintiff's counsel has appeared before this Court in numerous cases and the undersigned knows him to be an experienced and reputable member of the Bar. Defendants offer no reason to find his Declaration to be not credible.

The Court has further reviewed the extensive briefing by the parties in this case and concludes that there is no factual or legal support for making a finding of bad faith. Defendants knew or should have known that the individual defendants were not properly served many months ago, within the one-year period to remove the case. However, they waited until the eve of trial to file their Motion. Accordingly, the Court finds that Plaintiff's counsel did not act in bad faith and further finds that Defendants were dilatory in filing their Motion to Remand. As to the question of whether to award fees and costs, the Court exercises its discretion to decline to sanction Defendants given the unusual circumstances of this case. Nothing in this ruling should be construed as precluding Plaintiff from seeking any available relief for this conduct in state court.

## IV. Conclusion

For the foregoing reasons, Defendants have not demonstrated that this Court has subject matter jurisdiction over this case. Therefore, the Court grants in part and denies in part [8] Plaintiff's Motion to Remand. The case is remanded to the Court of Common Pleas for the County of Anderson, South Carolina; however, the Court declines to award Plaintiff fees and costs.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

December 23, 2019
Spartanburg, South Carolina